Okay, if you're ready, the next case is number 06-3144, Noberto Perez against the Department of Justice. Mr. Kirsch. Thank you, Your Honor. May it please the Court, the issue here is whether the reasonable cause standard is necessary to support an indefinite suspension of a federal employee based upon the employing agency's suspicion of the employee's criminal activity. Could you help me? I've spent a lot of time trying to understand this case, and I'm really confused. I mean, I understand the language that you rely on in our prior cases, but I'm trying to sort of make sense out of the statute. What happens in federal employment? Are there indefinite suspensions pending investigation outside of the criminal area? The regulations seem to provide for that, but I'm not sure whether that happens. Is it limited to criminal situations? Well, there are a few cases that have suggested in a, one was a security clearance case, one was a disability retirement case because of specific regulations there that you can use an indefinite suspension until the determination is made in those cases because, for instance, in the security clearance case, Supreme Court in Egan has said that the board cannot review the underlying basis of the security clearance replication. Is it used, though? I mean, apart from security clearances and criminal charges, are these indefinite suspensions used in the investigation? The only time that I have known it to be used since the inception of the Civil Service Reform Act is when it's a reasonable cause to believe a crime has occurred, usually associated with an indictment on different other instances. Governments attempt to use it whether it's an arrest, an arrest warrant, magistrate's findings associated with that. They've used it with criminal complaints, information, in no case up until this situation has the government attempted to use it on something no more significant than an accusation by an inmate. But before you get to that, since this is a statutory question, we've got to start, as the court has repeatedly said, with the language of the statute. And I have your reliance, as I understand it, on 7513B1, is that right? Yes. Well, I've got the text of 7113 before me, and it starts off by the title of it is Cause and Procedure. As I read this thing, paragraph A, subparagraph A states the basis upon which the government can take adverse action against employees, and it has to be such cause as will promote the efficiency of the service. And then subparagraph B seems to set out the procedures, what the employee is entitled to, and it starts, says, the first thing the employee is to get is to get 30 days advance written notice, comma, unless there is reasonable cause to believe the employee's committed a crime for which imprisonment may be imposed. Why isn't the clear, plain language of that that all that this says is, if there is reasonable cause to believe that an employee has committed a crime for which imprisonment may be the punishment, you don't have to give him a 30 day notice. You can put him, make it effective immediately. And it seems to me, as I read this, the only reason the government has to get into the question of whether there's a crime for which imprisonment may be the punishment is if the government is planning to give less than 30 days. Now here you've got 31 days. So I don't see how you can read out of that some requirement that if the government wants to give an indefinite suspension, it has to make a determination of reasonable cause to believe there was a crime which imprisonment could be awarded. Your Honor, there is no mention either in the statute of an indefinite suspension. It's in extraordinary circumstances. Well, an indefinite suspension, all the statute says is that the jurisdiction, if there's more than a 14 days. That's correct. But these suspensions- And I take it the indefinite suspension by definition is more than 14 days. And they continue, the difference between this and a regular suspension case is that there is an ongoing investigation. And there is a resistance by the government in these cases to put forward any evidence because it might harm the criminal investigation and there's resultant harm to the employee of having to put forward an administrative case that might prejudice the criminal case because of possible Fifth Amendment assertions and where the board and the courts have allowed an adverse inference to be drawn against an employee that creates an options choice for the employee. But I think the question Judge Friedman is raising with you is where's the statutory authority here  It is difficult to read it out of the language that Judge Friedman was reading to you. Are you suggesting that the efficiency of the service language imposes a reasonable cause requirement that there can't be an indefinite suspension pending investigation that serves the efficiency of the service unless it's a reasonable cause? Well, the efficiency of the service standard works well with a regular suspension  and the government puts on his case and the employee has the opportunity- What's your answer? Are you relying on the efficiency of the service language? The efficiency of the service language is separate. No, we're relying on the 30-day suspension, the 30-day, if you dispense with the 30-day notice- In your view, when can the government dispense with the 30-day notice? They could dispense with it when they have reasonable cause to believe that a crime has been committed. But you want to impose that reasonable cause requirement in a situation where the government is not proposing to dispense with the 30-day notice. Your Honor, I think this court has clearly said in Richardson that given the paucity of congressional direction, courts of necessity have filled in some of the missing parts and that the reasonable cause provision established is an independent standard for a limited adverse action, that this is an extraordinary circumstance because of how they move forward. There were a couple of cases here- Yeah, but we can rewrite the statute. I mean, that's not what we're supposed to do. You got to have some language in the statute, which is why I asked you about the efficiency of the service. You really want to give that up as a possible basis for that? No, I'm not saying that. I thought you said, is that the exclusive means that you're serving for them? I think the efficiency of the service normally is sort of a nexus requirement, but actually part of it is establishing the merits of the case. And the agency is saying no more than, we have an ongoing investigation of some, we suspect of some activity. We don't have to put on the employees. Or if there are any co-employees who are accusing you, we don't need any affidavits. We don't need any statements from the inmate. We don't even have to interview the accusing party as they did here. We can just go ahead and put you on an indefinite suspension for however long a period until we complete the investigation. As long as you give them 30 days, you have to give them 30 days. You have to also, under the statute, give them the opportunity to answer it orally and in writing, and to have an attorney representing them. And then they're supposed to give a written decision and the reasons, therefore, at the earliest practicable date. So it's not just that the agency says, we can do anything more. This statute imposes a number of obligations on the government, one of which is 30 days notice, another of which is at least seven days opportunity to respond and so on. If you're going to allow indefinite suspensions, which are not recognized under the statute, even though we have suspensions for more than- Well, there's nothing in the statute that prohibits an indefinite suspension. Well, then nothing's- When you say indefinite, all that you mean by that is there's no specific date. Presumably, I take it that the suspension is as long as the investigation is going on and after the results of it. Your Honor, I think if you look at the statute, what Congress's intent was, logically, although there's not a lot of congressional history here, if they're going to provide a procedural timeframe for dispensing with a 30-day notice by using a reasonable cost standard, why would they not afford at least that amount of protection to the more significant and substantive decision to justify the very indefinite suspension itself? Well, we've got a regulation which deals with indefinite suspensions, which isn't much discussed at the briefs, which is 752.404, right? But, Your Honor, in that same regulation, it requires an agency must inform the employee of the right to review the material relied on to support the reasons for its proposal. But the regulation doesn't require a reasonable cost, right? The regulation, I don't think it addresses it just again with the 30-day notice period for the action of dispensing, you know, when dispensing with a 30-day notice period. But what we're getting at here is, this is different from every other suspension because of the emergency nature of this. Suppose instead of just suspending him, they had given him 30 days notice and said they're suspending him for one year, or if the investigation is sooner terminated and he is vindicated to that point. Now, that would not be an indefinite suspension, would it? I think it would by another means. Pardon? I believe that would be. Even though they said a maximum time? I think because you're conditioning, it's an arbitrary time. Suppose they just said you're suspended for a year, not at all. You're suspended for a year. Would that be an indefinite suspension? No, if they said you're suspended for a year, it wouldn't be indefinite, but it would be arbitrary. That would be a different question. That's a different question than the question whether the government is required to make a reasonable cause determination as a condition to imposing an indefinite suspension where they have given the employee 30 days notice. That's the question in our case, isn't it? I'm not sure I understood your question quite correctly. Let me ask you a slightly different one. Do you know of any case in which the court has, which we have ever held that before giving and imposing an indefinite suspension, they have to make the reasonable cause determination even though they give 30 days notice? Well, not this court, but specifically with those facts, but this court has cited the Canterbury case repeatedly. It cited it in Richardson, it cited it in Jones, where there was 42 days between the notice of the proposed action and the decision, and they approvingly cited that case. Moreover, the language of the court was- Where was that? What case? That was in Richardson, cited Canterbury. What's Canterbury? Canterbury, it was an MSPB- Oh, Canterbury and MSPB. Yes, MSPB case, and the Jones case also acknowledged that specifically. You say it? I'm sorry, is it an MSPB case or a district court case, or what was it? It was an MSPB case cited- That's not a binding, was it a decision of the board or of an administrative case? It was a full board, and the court cited it approvingly in both cases, cited it as, I think, the only case of the board in the Jones case, and said specifically about the court- What did the case hold? What did the case hold? What did the case hold? What did Canterbury hold? I think that a reasonable cause was required independent of and without a short notice period, and that's what the court has said here repeatedly. It has said it in Richardson, it has said it in Morrison, it has said it in Pararas, Karyannis- But weren't all those, weren't at least three of those cases, cases in which they did not give 30 days, but they gave less than 30 days? Yes, sir, but in all of those cases- That doesn't establish the fact that they've said in the situation where there's less than 30 days notice that they have to make a reasonable cause determination. Doesn't it seem to me established that they also have to make that determination where there's 30 days notice given? Your Honor, I believe they couldn't have been clearer, this court, in saying, and the D.C. Circuit, and this predecessor court in Jankovic, they couldn't have been clearer in saying that the third, that the, excuse me, the reasonable cause standard is required independent of, in addition to, any issue about whether the short notice period occurs. The other importance here is to examine the employee's situation, to know that there is a lot of remedies available to an agency that they've used before, reassignments, and home duties, and other types of situations. I see my time is running out. It is, let's hear from the other side, and we'll save you a couple of minutes to read that one if you need it. Mr. Dierdre. May it please the court. The issue before this court is one of statutory, straightforward statutory construction. Is he right about Canterbury? He's wrong, Your Honor. What is that, Hall? Well, Your Honor, he is correct that it's 42 days, but the issue of reasonable cause was not an issue in that case. Actually, the individual had admitted that he had committed the crime, and the issue in that case was about whether or not when the indefinite suspension should have ended, because it turns out that the individual was acquitted of whatever he was accused of, and so the question, really, in that case was when should that indefinite suspension have ended? I'd also point out that although there was 42 days notice, it is also in the case that there is an extension, a request for an extension, an extension granted for the response, and therefore it gets very possible that in that case what happened was they were anticipating doing less than 30 days notice, but then he asked for an extension, and they ended up granting that extension, so now it is a case not addressed issue. It appears that it may have been based on a situation in which they were anticipating an indefinite suspension with less than 30 days notice, but then ended up using more than 30 days because the individual asked for an extension to respond. But I don't think that any case holds that you can just arbitrarily come up with a suspension. Your Honor, we're not saying that, first of all, this was not an arbitrary suspension. Well, that wasn't my question. You're saying that you don't have to establish reasonable cause. My sense is that in many of these cases it was not at issue as to whether there was reasonable cause. Either there was an indictment or there was something else such that on its face there was a cause for an action of suspension, and the only question being whether if you don't have 30 days notice, how clear, how prima facie or whatever on its face, whether there must in fact be an indictment or some other kind of emergency action so that you don't have to tolerate the employee's presence during a notice period. So none of this really says that you just do away with reasonable cause. Your Honor, the reasonable cause requirement is the statutory requirements in 7513B. There's two parts as the court has identified. There's part A, which is the efficiency of the service test. Now, he has not challenged the efficiency of the service test and the arbitrary found that this kind of efficiency. Are you really contending that you can suspend people indefinitely without, you know, totally arbitrarily? I mean, that would seem to, wait a moment, that would seem to raise due process problems. I mean, you know, so if that's not your contention, what is your contention? Your Honor, the basis or the standard by which the indefinite suspension would be judged is there's the first part, the efficiency of the service test, which must be met. Well, what limitations does that place on an arbitrary suspension? Two, at least two. One is there must be a nexus in case, in this case, like the arbitrator found that there was this nexus. You have someone who had been accused of bringing drugs or facilitating and bringing drugs into the penitentiary. And then there's a second part, which is the reasonableness of that action in the context of the facts. No, Bob, you're not really answering my question, which I think is the same as Judge Newman's. And that is, you know, let's suppose somebody's suspended in a totally arbitrary way. There's an investigation completely without foundation. And in fact, it's personally motivated by the guy's supervisor. There's absolutely no basis for it. Are you saying that you can still be suspended indefinitely under those circumstances? No, Your Honor, because under the efficiency of the service test, there would still be the reasonableness requirement. You have to show that the action taken was reasonable. Well, then what's the difference between it? There's a reasonableness requirement. What are we arguing here? Well, because when I'm discussing reasonable, it may be that the evidence, it depends on the circumstances, but it may be that under the circumstances, the evidence required, there's not a great deal of evidence required to demonstrate that an indefinite suspension is necessary pending investigation in the matter. And when I say reasonable, we shouldn't mix reasonable cause, which is a standard proof relative to the facts in the case versus the reasonableness of that action. And that's a separate test. I don't understand what you're saying. The reasonableness requirement, why doesn't that mean that there has to be a reasonable basis for the suspension? Because under certain circumstances, including in this case, the standard proof that may be required may be entirely different. You may have reasons for not, as in when you're invoking or when you're finding there may be a crime to have been committed, it may be inappropriate to bring forth all of the evidence. Therefore, even the reasonable cause standard may not approve reasonable cause. But if the arbitrator or the MSPB were to find that there are absolutely no basis, that under the efficiency of the service test, the arbitrator or the MSPB could invalidate that action as being not serving the efficiency of the service. I suppose if you had a 30 year employee and you announced, you gave him 30 days notice and you announced he was being suspended until he reached his 70th birthday, 40 years thereafter, that would probably be viewed as the equivalent of a removal or something. He could do something about that. But in this case, he wasn't just suspended indefinitely. He was suspended pending the investigation as I understand it. Yes, Your Honor. That's what they told him, didn't they? They told him he was suspended pending the investigation. Yes, Your Honor. That's why it was an indefinite suspension. I would also point out that to address- It was indefinite only in the sense that it had no specific duration. Yeah, it did not have a finite end to it. It was dependent on the circumstances in the future. But again, to address the issue of, is this gonna open up the floodgates? In our cases that have addressed this indefinite suspension in the context of efficiency of the service, which again, I'd add that, emphasize that they have not challenged the efficiency of the service determination. And as I understand his argument in this case, he's not challenging the suspension as arbitrary. He is challenging the suspension because before suspending him, they didn't make a reasonable cause determination even though they gave him 30 days. And your position is, they only have to make the reasonable cause determination if they're not gonna give him 30 days. That's your position. That's correct, Your Honor. But again, to go back to the efficiency of the service issue which again, is not an issue that you raised, but there are cases that address this. What cases? There's the, it's a MSPB case, Vega. And in this case, it was a prison case, but the individual was accused of passing a veal cutlet contrary to, I guess, law and regulations to an inmate. And the MSPB found that this does not promote the efficiency of the service to indefinitely suspend someone for passing a veal cutlet sandwich to someone in the prison. But was he suspended for passing this veal cutlet sandwich or was he suspended pending an investigation? Well, it's pending an investigation, but I guess MSPB's point in this was that even if he committed this crime of passing a veal cutlet, the MSPB didn't feel it was appropriate to indefinitely suspend the person. But what about, do they have cases about investigations which are baseless, but the, let's suppose there's an allegation of sexual harassment but it's a baseless allegation of sexual harassment but there's an investigation. Is there any authority as to whether you can indefinitely suspend somebody under those circumstances? Your Honor, I'm not aware of any cases that address that, but if it was an arbitrary action, then an individual could challenge on that basis that this is, there's no basis, there's absolutely no basis whatsoever in giving the nature of the- But how's that different from reasonable cause? Because I think it depends on- Is there, you're saying there's a difference between arbitrary action and action that's not supported by reasonable cause? Yes, Your Honor, because there are instances in which it may not be appropriate to provide all the information to the individual and that the basically, depending on the seriousness of the offense, may be something that the MSPB or the arbitrator would conclude that given the minor nature of a particular crime, that it wasn't appropriate, given the evidence that was given. But in this case, you have an individual who works at a prison, a very different environment from the environment in which we work, who has been accused of bringing, of facilitating the introduction of drugs into the facility. This is a very serious matter. And again- Well, I understand the argument, but that seems to me to be an argument that you should have a generous reasonable cause standard in the prison context because of the seriousness of it. But does that really support the idea that there shouldn't be any limitation on the ability to suspend people? Again, Your Honor, I think there is a limitation. That's the efficiency of the service test. I would also point out that if the test or if this court were to find some reasonable cause of crime that applied after 30 days, the court would essentially be writing out of the statute, the paragraph upon which they rely. If the reasonable cause of crime applied, whether it was 25 days or 45 days or a thousand, you know, a hundred days, there would be no point in the statute's permission- How about this hypothetical? Suppose there's a prison guard and there's an allegation about passing drugs, but the allegation is made by somebody who's mentally incompetent and has been shown in the past to have repeatedly made baseless charges against the guards in the prison. Under those circumstances, is there a remedy? Yes, Your Honor, there is a remedy. What's the remedy? Well, the individual could challenge it on the basis of it doesn't meet the efficiency of the service. Because it's arbitrary? Yes, well, because I think it depends on the circumstances of that case and what's being alleged. I think basically that if you're providing more than 30 days notice, then if you provide absolutely no information whatsoever, you may have a harder time if it's a minor violation, but there isn't a reasonable cause test to be applied. And it could be that in some circumstances, for example, the revoking of the security clearance context, where they don't provide any information regarding what it is that, the reason why they're revoking your security clearance. I do want to also address another case, which is the Thomas case. Opposing counsels indicated that there have been cases that have suggested that in instances of more than 30 days, a reasonable cause is not required. In the Jones case, which was one of those revoking of the security clearance case, this court affirmed the indefinite suspension and implicitly rejected the argument. And the MSPB, the case that had been affirmed by this court, explicitly rejected the argument that reasonable cause is required in all cases, and particularly in that case where there was more than 30 days notice. Furthermore, there are cases- Which case is this? That's the Jones case. Okay. It's a Jones case, and there's the MSPB's case. The Jones case is the DC circuit case? No, the Jones case is a federal circuit case. And the MSPB's case, which was affirmed by the Jones case, explicitly addressed the issue that opposing counsel was raising and rejected that argument. In addition, in Brown- Rejected which argument? The argument that reasonable cause is required in all instances.  The MSPB explicitly rejected in the Jones MSPB's decision- This is not a precedential decision of ours. No, but this court in the Jones decision- You can't cite that to us. But this court in Jones- You can't cite it to us. If it's a non-precedential opinion, you can't cite it to us. I think it's precedential. Is it precedential? It is published. It is a precedential decision, Your Honor. It was affirmed- Oh, okay. It was affirmed by the- And it discusses this issue?  in the MSPB decision. It was affirmed- But no, no, no. It was affirmed- So we discussed the issue. No. No, okay. But they affirmed a definite suspension. The federal circuit's decision mentioned that it was more than 30 days notice. The statute, the 30 days notice coupled with the reasonable cause exception is not limited to suspensions, is it? No, Your Honor. That is, they could do the same thing if they could eliminate the 30 days notice in connection with a removal. They could remove someone immediately if they made the reasonable cause determination. Yes, Your Honor. That's correct. So it's a general provision. It's not a provision limited to suspension, although all we've been talking about are indefinite suspensions. And I take it it applies to all of the grounds for adverse action specified in 7512. It could include a reduction in pay. They decided they were gonna reduce his pay substantially. They'd have to give him 30 days notice except if they found reasonable cause to believe he committed an offense which imprisonment could be ordered, they could reduce his pay effective immediately. Your Honor, the 7513 requirement actually applies to indefinite suspension or indefinite suspensions, but also suspensions greater than 14 days and removals. Reduction in pay may not qualify. I believe we discussed the parameters of that statute. Reduction in pay is under 7512-4. 7512 has five different specific actions covered. And I take it that 7513 sets out the basis and the procedures to be followed in any one of those five actions. Your Honor, that's correct. There are some instances, I think, like reprimands. There are some cases where an adverse action would not be entitled to 30 days notice, but certainly indefinite suspensions, you're entitled to the 30 days notice. And if you're not provided with that, then it must be reasonable cause. It's not unusual, as I've seen the cases, to suspend an employee indefinitely when he's charged with conduct for which he might be imprisoned. Is that right? I mean, this is not an exceptional, unusual case, this kind of indefinite suspension that was imposed here. Your Honor, I don't know if I can say that it's a common practice. I mean, I think there may be cases where someone is charged with a crime, but it's not related to what you're doing. It may not reflect upon the performance of your job. But here, you have a situation where the individual was accused of doing something related to his work, which is he works at the prison, and he's accused of facilitating the introduction of drugs into the facility. Your Honor, if I might just raise one case, which is the Thomas case. I do want to point out that Thomas- Before you say that, I just have one other question. Does the government use indefinite suspensions pending investigation outside of the area of criminal charges? Yes, Your Honor. For one, there's not just the Jones case, which I referred to, but there are a variety of cases in the security clearance context. Outside of the security clearance. And then, that's the case I did want to mention, which is Thomas- No, no, but answer my question. Yes. Outside of the security clearance area and the criminal charge area, does the government use indefinite suspensions pending investigation? Yes, Your Honor. That is the case I want to mention, which is Thomas. Which, Thomas is a federal circuit case, which addresses the propriety of indefinite suspension. In that case, the individual had engaged in disruptive and threatening behavior, and they indefinitely suspended the individual pending an investigation into that behavior, where they thought this individual might be a threat to the workplace because of this behavior. There was no allegation of a crime. It was a case in which the federal circuit, in its opinion, addressed the fact that there is more than 30 days notice. So, that's a case, one other case, where it has addressed, not only aside from crimes, and aside from security clearances, where there is an indefinite suspension, and that was affirmed. Okay, we must move on. Thank you, Mr. Diabert. Mr. Kirsch, you have a couple of minutes. Thank you, thank you so much. Justice now argues reasonableness that accompanies the efficiency of the service, although we don't see the term reasonableness in the statute either, because we know that in a normal case, where an investigation has been completed, an employee has an opportunity to confront and cross-examine witnesses and evidence in a case, which does not happen here. They cannot truly examine the evidence because of the ongoing nature, because of their insistence, as you'll see in the Lamore and Beretto cases, that it's a law enforcement privilege, and somehow, you're impeding that investigation to try and get those facts out. That's why the court has said we need an indictment, or some outside entity, a magistrate's findings, or something to find probable cause here. The very reason that they mention about a situation like Department, excuse me, Bureau of Prisons, that requires, that's so significant about the efficiency of the service, is the reason for reasonable cause, because of the dubious and false claims that are frequently lodged by inmates who have nothing else to do but make these claims against you. Who makes the probable, under your theory, under your theory of the statute, who makes the probable cause determination? The probable cause can either be made by an indictment, or a criminal information, an arrest with a series of magistrate findings and affidavits, or it could be an agency's own investigation, but here, there was none. All they had was a mere FBI memo about some skewed sting operation, and the fact is, a day before that they even, the arbitrator's decision, they determined not to, U.S. Attorney determined not to decline prosecution. We attempted to bring. Which could be the result of anything. Could be the result of anything, but we know there was an ongoing IG investigation after that. The point is. An IG investigation into what? Into whether it be any administrative cause of action, because whatever the standard was in the other case. So what happened to the IG investigation? The IG investigation, if you'd like to know, and I can provide that to you, because it was material after, ended in March, and found no basis for any action. This individual is still being forced to do perimeter work on the outside of the facility, and they continue to deny him back pay, and that's another issue. The back pay, under the Richardson case and Salinas case, if you have no reasonable cause to take the action, then at the end of the day, you may have no relief whatsoever to recover that, when they could have simply put you on administrative duty or home duty or some other basis. Okay, thank you, Mr. Kirsch, Mr. Deaver. Thanks.